
FILED
SUPERIOR COURT
OF GUAM

2019 APR -9 AM 9: 52

CLERK OF COURT

By:

# IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| THE PEOPLE OF GUAM, | CRIMINAL CASE NO. CF0088-19 |
| vs. | **DECISION AND ORDER** |
| MACKY ILAB DEMEI aka Machy aka Mackey, | |
| Defendant. | |

## INTRODUCTION

This matter came before the Honorable Vernon P. Perez on March 29, 2019, for hearing on Defendant Macky Ilab Demei aka Machy aka Mackey's ("Defendant") Motion and Application for Bail Redetermination Hearing Under 8 G.C.A. § 45.50(a) for Release on Personal Recognizance ("Motion for Bail Redetermination"). Defendant was present with counsel Assistant Public Defender Kristine Borja, and Assistant Attorney General Leonardo Rapadas was present on behalf of the People of Guam ("the Government"). In accord with its ruling from the bench on April 1, 2019, the Court now issues the following Decision and Order DENYING Defendant's Motion for Bail Redetermination.

## BACKGROUND

On February 22, 2019, Defendant was indicted with the following charges: (1) Terrorizing (As a Third Degree Felony); (2) Family Violence (As a Third Degree Felony); (3) Violation of a Court Order (As a Misdemeanor); (4) Violation of a Court Order (As a Misdemeanor); (5) Violation of a Court Order (As a Misdemeanor); and (6) Violation of a Court

*People v. Demei*
Case No. CF0088-19
Decision and Order

Order (As a Misdemeanor). (Indictment, Feb. 22, 2019). These charges stem from allegations that Defendant threatened the victim, Jasynth Emengei Demei, with a machete, and slapped his children in the face. (Decl. of Jeremiah B. Luther, Magistrate's Compl., Feb. 13, 2019). At the time of these alleged offenses, Defendant was also under conditions of probation which included stay away provisions from Jasynth Emengei Demei and the minor children in CF0658-17. *Id. See also*, Plea Agreement in CF0658-17, Jul. 6, 2018; Judgment in CF0658-17, Jul. 12, 2018).

On March 18, 2019, Defendant filed the instant Motion for Bail Redetermination. Defendant is confined pending the posting of $5,000 cash bail. *See* Commitment Order, Feb. 13, 2019. The Government did not file a written response to the motion, but orally opposed the motion on April 1, 2019. The Government noted that it hadn't had contact with the alleged victim, despite attempts to do so, and was concerned about her safety should Defendant be released.

## DISCUSSION

Defendant moves the Court to release him on personal recognizance as he does not have the means to pay the five thousand dollars ($5,000.00) cash bail. *See generally*, Mot. Bail Redetermination, Mar. 18, 2019.

Under Guam law, the Court must "order the person charged to be released on recognizance, unless the judge determines, in his discretion, on the basis of available information, that such a release will not reasonably assure the appearance of the person as required or will endanger the safety of any other person or the community." 8 G.C.A. § 40.15(b). Factors for the Court to consider in determining whether Defendant presents a substantial risk of nonappearance or is a danger to the safety of any other person or the community include:

(1) the nature of the offense charged, the apparent possibility of conviction and the likely sentence;
(2) the history and characteristics of the person charged, including:
 (i) length of his/her residence on Guam;
 (ii) his/her employment status and history, and financial condition;

(iii)    his/her family ties and relationships;

(iv)    his/her reputation, character and mental and physical condition;

(v)    his/her prior criminal record, if any, including any record of prior release on recognizance or on bail;

(vi)    his/her history relating to drug or alcohol abuse;

(vii)    the identity of the reasonable members of the community who will vouch for his/her reliability;

(viii)    whether at the time of the current offense or arrest, he/she was on probation, on parole or on other release pending trial, sentencing, appeal or completion of sentence of an offense under Federal, state or local law; and

(ix)    his/her history of compliance with other court orders;

(3) the nature and seriousness of the danger the person would pose to the community or to any individual member thereof if released; and

(4) any other factors which bear on the risk of willful failure to appear or the danger the person would pose to the community or to any individual member thereof if released.

8 G.C.A. § 40.15(c).

If the Court finds that release on his or her own recognizance would not assure a defendant's appearance or would present a danger to any other person or the community, the Court may still permit release subject to certain conditions under 8 G.C.A. § 40.20. These conditions include:

(a) placement of the person in the custody of a designated person or organization agreeing to supervise him and to assist him in appearing in Court;

(b) placement of restrictions on the activities, movements, associations and residence of the person;

(c) execution of a bond in an amount specified by the judge; such bond in the discretion of the judge to be either unsecured or secured in whole or in part by the deposit of cash or other property, or by the obligation of qualified sureties;

(d) release of the person during working hours, but with the condition that he return to custody at specific times; or

(e) any other condition reasonably necessary to assure appearance as required and the safety of any other person and the community.

8 G.C.A. § 40.20. Under section 40.20, the least onerous conditions shall be imposed to ensure Defendant's appearance as required and the safety of any other person and the community. "Determinations as to bail conditions and amounts are not to be driven by the goal of keeping

the accused incarcerated, but should rather be reached in consideration of the only authorized interests, *to wit*, ensuring the appearance of the accused and the safety of others." *People v. Song*, 2011 Guam 19 ¶ 11.

In support of his motion, Defendant offers that that he is a thirty-three year old U.S. Citizen who has resided on Guam for the past ten years, he has five minor children, and has two jobs. (Mot. Bail Redetermination at 4). Defendant further offers that he was in contact with his wife and children even though it was in violation of the conditions of his probation because his family needed financial support. *Id.*

Upon consideration of the 8 G.C.A. § 40.15 factors, the Court is greatly concerned with the safety of the community and Defendant's ability to comply with Court orders. The Court is concerned with Defendant's ability to exert self-control, as he is currently accused of threatening to kill the alleged victim with a machete, and four counts of Violation of a Court Order. Although the Court had previously ordered a stay away in Defendant's criminal case CF0658-17, it is now alleged that Defendant did not comply with that order.

Thus, upon the Court's review, Defendant's release only on personal recognizance does not sufficiently allay the Court's concerns regarding the safety of the community and Defendant's ability to comply with Court orders. This decision, however, does not preclude Defendant from requesting release with proposed third-party custodians in the future.

## CONCLUSION

For the foregoing reasons, the Court hereby DENIES Defendant's Motion for Bail Redetermination. Further Proceedings are set for April 29, 2019 at 9:00 a.m.

**IT IS SO ORDERED,** *nunc pro tunc* to April 1, 2019, this _____ **APR 09 2019** _____ .

SERVICE VIA COURT BOX
I acknowledge that a copy of the
original hereto was placed in the
court box of

AG, PDSC

Date 4/14/19 Time 10:49
am
Deputy Clerk, Superior Court of Guam

HONORABLE VERNON P. PEREZ
Judge, Superior Court of Guam

*People v. Demei*
Case No. CF0088-19
Decision and Order